**Arnold G. LEJARDE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71408.
Agency No. A70–637–895.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2004.*

Decided March 24, 2004.

FED. R.APP. P. 34(a)(2).

Elif Keles, Los Angeles, CA, for Petitioner.

Paul Fiorino, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI and T.G. NELSON, Circuit Judges, and RESTANI,** Court of International Trade Judge.

---

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

1. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

2. Because the issues in this case relate to non-discretionary decisions (a per se good moral character exclusion and continuous physical presence), we retain jurisdiction. *Id.* at 1151.

## MEMORANDUM ***

Arnold LeJarde petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for suspension of deportation and voluntary departure. Because the facts are known to the parties, we do not recite them here. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") govern LeJarde's appeal.[1] Thus, we have jurisdiction pursuant to 8 U.S.C. § 1105a (1996).[2] We deny his petition.

■ IIRIRA requires that an alien accrue seven years continuous physical presence *prior* to the issuance of an order to show cause.[3] This requirement applies to cases pending on appeal to the BIA as of IIRIRA's effective date of April 1, 1997.[4] Therefore, even assuming the truth of LeJarde's assertion that he entered the United States on June 21, 1987, he had not been in the United States for a full seven years on March 4, 1994, when the Immigration and Naturalization Service ("INS") issued an order to show cause. The BIA correctly held that he was ineligible for suspension of deportation relief.[5]

■ The BIA also correctly concluded that LeJarde's statements to an INS asylum officer constituted "false testimony" pursuant to 8 U.S.C. § 1101(f)(6). Under § 1101(f)(6), an immigration judge may not find that a person has established good

---

3. *Ram v. INS*, 243 F.3d 510, 513 (9th Cir. 2001).

4. *Id.* at 514, 516.

5. Our conclusion that LeJarde is ineligible for suspension of deportation relief does not resolve this case. LeJarde also requested voluntary departure, which does not require a showing of seven years continuous physical presence. 8 U.S.C. § 1254(e)(1) (1996).

moral character if the person "has given false testimony for the purpose of obtaining" asylum.[6] Oral statements made under oath to an asylum officer constitute "false testimony."[7] When questioned about his asylum interview, in which he orally confirmed statements he knew to be false, LeJarde answered the following question from the Immigration Judge affirmatively: "So you decided to swear under oath and lie? You thought that was better? Is that what you're telling me, sir?" On this record, we cannot say that the evidence compels the conclusion that LeJarde was not under oath when he made false statements to the asylum officer.[8]

PETITION DENIED.

---

**6.** 8 U.S.C. § 1101(f)(6).

**7.** *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001).

**8.** *See Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir.2000).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.